OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with
 
 *653
 
 costs, the preliminary injunction vacated, defendants’ motion for summary judgment granted, and sections 11 and 40 of chapter 266 of the Laws of 1986 declared constitutional. The certified question should be answered in the negative.
 

 We have recently determined that the Legislature may require the Medical Malpractice Insurance Association (MMIA) to operate at a loss on a temporary or even continual basis in order to promote affordable medical malpractice coverage
 
 (Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins.,
 
 72 NY2d 753, 766). In so holding, we rejected the argument that section 40 of the Medical Malpractice Reform Act of 1986 (Reform Act) is confiscatory as to MMIA because it authorizes the Superintendent of Insurance to consider future surcharges on insurance premiums in fixing present insurance rates and thus contemplates that MMIA may be required to operate at a deficit. Likewise here, there is no constitutional infirmity in section 11 of the Reform Act insofar as it directs MMIA to refund stabilization reserve fund charges collected on excess policies issued during the 1985-1986 policy year. As a creature of statute, MMIA had no vested property interest in those charges and it was within the Legislature’s prerogative to direct a refund in an effort to reduce over-all health care costs
 
 (see, Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins.,
 
 72 NY2d, at 766,
 
 supra).
 
 Nor can MMIA state any cognizable claim for the impairment of contract rights since the stabilization reserve fund charge on excess insurance policies was imposed by statute and not as the result of any bargaining between MMIA and its insureds.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.