OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On September 2, 1975, three-year-old Enga White fell from a slide at a playground in project housing owned and main *957 tained by the New York City Housing Authority (NYCHA), fracturing her skull and requiring six days’ hospitalization. The only witnesses to the accident were Enga’s three brothers, ages 9, 13 and 14. A Housing Authority Police Officer was called to the scene, filled out an incident report in triplicate, filed one copy with his precinct command, and sent two copies to his superiors. No other Housing Authority personnel were aware of the incident at that time.
Ten years later, on September 11, 1985, Enga’s mother moved for — and was granted — permission to file a late notice of claim against NYCHA after Enga began to have seizures allegedly attributable to the playground incident. On October 22, 1985, NYCHA gave notice of the claim to Empire, its insurance carrier. Empire disclaimed coverage on the grounds that the notice was not given "as soon as practicable” as required by the policy. NYCHA commenced this third-party action against Empire for a declaratory judgment that there was coverage.
At a hearing held solely on this issue, testimony revealed that NYCHA generally gave notice to Empire by either filling out a special insurance report form or by forwarding a notice of claim; the form filled out by the Housing Police Officer had three copies — one of which was retained by the precinct with the other two forwarded to superior officers in the Housing Police Department; the Housing Police were employed by the NYCHA; the form the Housing Police Officer filled out was not sent to NYCHA, and there was no procedure established for NYCHA to receive such forms; and NYCHA did not receive any other notice of the incident. On this record, Supreme Court refused to impute the knowledge of the Housing Police to the NYCHA. The Appellate Division (two Justices dissenting) disagreed. We now affirm the Appellate Division.
The requirement that an insured notify its liability carrier of a potential claim "as soon as practicable” operates as a condition precedent to coverage (Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 581; Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 440). There may be circumstances, such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability, that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse (Security Mut. Ins., 31 NY2d, at 441).
*958 NYCHA seeks to excuse its 10-year delay in notifying Empire by explaining that its employees charged with collecting incident information and giving notice had no knowledge of the incident prior to September 11, 1985. Empire contends, however, that the knowledge of the Housing Authority Police Officer must be imputed to the NYCHA because the Police Officer was acting as an NYCHA agent for the purposes of such notice (see, e.g., Woolverton v Fidelity & Cas. Co., 190 NY 41, 48). On the record before us, we agree with Empire. It is undisputed that the Housing Authority Police had a system for reporting injury-causing incidents, and that the officer in this case did in fact fill out a form that reported the incident to his employer. Under these circumstances, we conclude that NYCHA cannot deny knowledge of the incident at the time it occurred.
NYCHA also argues that even if it may be charged with the knowledge of its Police Department, its late notice to Empire may be excused by its good-faith belief that the incident would not result in liability (see, Security Mut. Ins., 31 NY2d, at 441; 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co., 37 AD2d 11, affd 30 NY2d 726). However, where a reasonable person could envision liability, that person has a duty to make some inquiry (Security Mut. Ins., 31 NY2d, at 442). Here, the seriousness of the injury coupled with the apparent lack of adult supervision warranted some type of follow-up. Without any evidence of further inquiry by the Housing Police or the NYCHA itself, we cannot accept NY-CHA’s claim that it had a reasonable belief of nonliability. We therefore conclude that NYCHA did not proffer a reasonable excuse for its delay in reporting the occurrence to Empire, and has failed to satisfy the condition precedent to coverage.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs, in a memorandum.