■ TRANSTATE INSURANCE COMPANY, Appellant, v PARADISE PALACE, INC., et al., Respondents, et al., Defendant. [657 NYS2d 912] —In an action for a judgment declaring the obligations of the plaintiff under an insurance policy, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Posner, J.), dated March 11, 1996, which declared that the plaintiff had an obligation to defend and indemnify the defendant Paradise Palace, Inc., in an action entitled *Beckles v Winters,* pending in the Supreme Court, Bronx County.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted for the entry of a judgment declaring that the plaintiff is not obligated to defend and/or indemnify the defendant Paradise Palace, Inc., with respect to any action arising from the shooting of Michael Beckles on January 12, 1992, on premises owned by the defendant Paradise Palace, Inc.

The essential facts are undisputed. On January 12, 1992, the defendant Michael Beckles was shot and injured while in a nightclub owned by the defendant Paradise Palace, Inc. (hereinafter Paradise). The police were called, and Beckles was taken to the hospital by ambulance. The vice-president of Paradise, Beryl Connell, was on the premises at the time of the shooting and learned of it almost contemporaneously with its occurrence. The president of Paradise, Alonso Connell, learned of the shooting and the injuries to Beckles, at the latest, on the day following the incident. The first notice the plaintiff insurance carrier Transtate Insurance Company (hereinafter Transtate) received of the incident was on April 1, 1992, when Paradise forwarded to it a letter dated March 27, 1992, from Beckles's former counsel.

Beckles commenced an action against Paradise, and although this first action was later discontinued by stipulation dated August 14, 1992, Paradise sent Transtate a second letter it received from Beckles's counsel concerning the action, which had annexed to it a copy of the summons and complaint therein. Transtate subsequently commenced this declaratory judgment action, seeking a declaration that it had no duty to defend and/or indemnify Paradise.

After a nonjury trial, the Supreme Court found that the notice given to Transtate was timely, as Paradise had reasonably believed no claim would be filed and was justified in not notifying Transtate of the incident until receipt of the March 27th letter from counsel. We disagree and reverse.

"The requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage *(see, White v City of New York,* 81 NY2d 955, 957; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440). There may be circumstances such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse *(see, White v City of New York, supra; Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra).* The record reveals that the proffered excuse * * * for not providing timely notice of * * * the shooting * * * [was] not reasonable under all the circumstances *(see, Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721; *Allstate Ins. Co. v Grant,* 185 AD2d 911)" *(Government Empls. Ins. Co. v Fasciano,* 212 AD2d 579, 580). Under these circumstances, the Supreme Court erred in finding in favor of Paradise.

In light of this determination we need not reach the plaintiff's remaining contentions. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.