■ SSBSS REALTY CORP. et al., Respondents, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [677 NYS2d 136] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about May 20, 1997, granting summary judgment to plaintiffs, declaring that the defendant is required to defend and indemnify them in an underlying personal injury action, and denying defendant's cross-motion for summary judgment, unanimously reversed, on the law, without costs, plaintiffs' motion denied, defendant's cross-motion granted, and it is hereby declared that defendant is not required to defend and indemnify plaintiffs.

Plaintiffs SSBSS Realty Corp., Pelham Bay Diner Inc. and Gerassimos Stefanitsis, owners and operators of the Pelham Bay Diner (collectively, the Insured), seek a judgment declaring that defendant Public Service Mutual Insurance Company has a duty to defend and indemnify them in an underlying action, pursuant to a liability insurance policy. The complaint in the underlying action alleges that on September 24, 1992, Rose Befi, a 70-year-old woman, was injured when she tripped and fell on a raised slab of flagstone on the sidewalk upon exiting the diner.

Stefanitsis asserts that he first learned about the accident approximately two days afterward upon returning from a trip, when the manager of the diner, Elias Koulouris, reported to him that a woman in high heels had fallen on the sidewalk in front of the diner and had been taken away in an ambulance. However, Koulouris could not identify Befi by name or identify

---

* Motions have been granted dismissing the actions on these grounds against HHC and Morrisania.

the hospital to which she had been taken. Further, Koulouris told Stefanitsis that the woman had not been bleeding or crying, and did not appear to be injured. Stefanitsis himself examined the sidewalk and noticed a slight deviation in the height between two sidewalk flags.

On or soon after December 11, 1992, the owners of the diner received a letter notifying them that Befi intended to assert a claim. On December 28, 1992, they sent a copy of the letter to their insurance broker, who sent the defendant insurer a fax report on January 11, 1993—some three months after the accident. The insurer then disclaimed coverage, on the ground that the insured had failed to provide timely written notice of the accident as required by the conditions of the policy.

The law applicable to this appeal is well settled. The insurance contract contained a provision that required the insured to notify the Insurer in writing of "accidents, injuries or damages as soon as possible." The requirement that an insured notify its liability carrier of a potential claim " 'as soon as practical' " operates as a condition precedent to coverage (*White v City of New York*, 81 NY2d 955, 957). A reasonable belief in non-liability may excuse an insured's failure to give timely notice, but the insured has the burden of showing the reasonableness of such excuse, given all the circumstances (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441; *White v City of New York, supra,* at 957). At issue is not whether the insured believes he will ultimately be found liable for the injury, but whether he has a reasonable basis for a belief that no claim will be asserted against him (*see, AMRO Carting Corp. v Allcity Ins. Co.*, 170 AD2d 394; *see, White v City of New York, supra,* at 958; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 441).

Summary judgment on this issue may be granted in the plaintiff's favor only if the evidence establishes as a matter of law that the insured's belief that Befi would not assert a claim against it was reasonable (*see, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12), taking all inferences in favor of the nonmovant insurer (*see, Creighton v Milbauer*, 191 AD2d 162; *Lo Tempio v Safeco Ins. Co.*, 71 AD2d 799). The record does not support such a conclusion.

Indeed, not only do the established facts preclude a grant of summary judgment to the plaintiffs; they mandate summary judgment in favor of the defendant. "[W]here there is no excuse or mitigating factor, the issue [of reasonableness] poses a legal question for the court," rather than an issue for the trier of fact (*Hartford Acc. & Indem. Co. v CNA Ins. Cos.*, 99 AD2d 310, 313).

Even construing the facts most favorably to the insured, the record is bare of any of the factors usually associated with a reasonable belief that the injured party would not assert a claim. When Koulouris observed the 70-year-old Befi sitting on the ground after she had fallen, she stated that she was in pain, she could not stand and she asked that an ambulance be called to take her to the hospital, reflecting the possibility of a serious injury. Further, both Koulouris and Stefanitsis were able to easily locate the defective condition that caused her fall.

This was not a situation where the insured had reason to believe they would be notified if a claim were going to be made (*compare, AMRO Carting Corp. v Allcity Ins. Co., supra* [the insured had a close familial relationship with the injured party]), or where there was no indication of injury (*compare, Kelly v Nationwide Mut. Ins. Co.,* 174 AD2d 481), or where there was no indication of any defect in the insured's premises (*compare, 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.,* 37 AD2d 11, 12, *affd* 30 NY2d 726). Rather, here, a relative stranger suffered an injury as a result of a clearly discernible condition on the insured's property, and had to be taken away in an ambulance to a hospital.

Nor may the insured's failure be excused by its claimed lack of sufficient information to form a belief about whether or not a claim would ensue. With the facts undisputedly in the insured's possession, at a minimum, it had both the ability and the responsbility to investigate the outcome of the accident (*see, White v City of New York, supra,* at 958; *Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748, 751).

Without a plausible excuse for the 91-day delay between the accident and the date notice was given to the insurer, judgment in favor of the defendant is warranted (*see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127; *Rushing v Commercial Cas. Ins. Co.,* 251 NY 302; *Haas Tobacco Co. v American Fid. Co.,* 226 NY 343). Concur—Sullivan, J. P., Rosenberger, Wallach, Tom and Saxe, JJ.