■ RICHARD B. DiGUGLIELMO et al., Respondents, and WILLIAM L. CAMPBELL, Intervenor-Respondent, v TRAVELERS PROPERTY CASUALTY et al., Defendants, and HARTFORD FIRE INSURANCE COMPANY, Appellant. [776 NYS2d 542]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 6, 2002, which, insofar as appealed from, denied the motion of defendant-appellant Hartford Fire Insurance Company (Hartford) for summary judgment declaring that it had no duty under its commercial liability policy to defend or indemnify its insured, Venice Deli, in the underlying wrongful death action, and granted the cross motions of plaintiffs and intervenor William Campbell to the extent of declaring that Hartford received adequate notice of the insured's claim and was obligated to defend its insured and to contribute, pro rata, toward the payment of the cost of settlement and legal fees or other litigation expenses, unanimously reversed, on the law, without costs, Hartford's motion for summary judgment granted

and the cross motions denied, the declaration regarding Hartford's obligation to defend and indemnify vacated, and substituted therefor a declaration that the notice of the claim given to Hartford was untimely as a matter of law, thereby vitiating coverage under the policy so that Hartford was not obligated to defend or indemnify plaintiffs in the underlying wrongful death action. Appeal from order, same court and Justice, entered June 27, 2003, which denied Hartford's motion for reargument of its prior motion, unanimously dismissed, without costs, as taken from a nonappealable order.

Compliance with an insurance policy notice provision is a condition precedent to coverage (*see White v City of New York*, 81 NY2d 955 [1993]). The Hartford policy in question requires the insured to promptly notify it of an occurrence or event that may result in a claim. Policy provisions requiring "prompt notice" are construed to require notice within a reasonable time after the duty to give notice arises (*see New York Cent. Mut. Fire Ins. Co. v Riley*, 234 AD2d 279 [1996]; *Metropolitan N.Y. Coordinating Council on Jewish Poverty v National Union Ins. Co. of Pittsburgh*, 222 AD2d 420 [1995]; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235 [2002]). The duty to give notice arises when, based on the information available, an insured "could glean a reasonable possibility of the policy's involvement" (*Paramount Ins.* at 239-240). An insurer is not obligated to pay for the loss of its insured in the absence of timely notice in accordance with the terms of the policy (*see Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497 [1989], *lv dismissed* 74 NY2d 651 [1989]).

The underlying incident, in which Charles Campbell was fatally shot in the parking lot of the Venice Deli in Dobbs Ferry, New York, by plaintiff Richard D. DiGuglielmo, occurred on October 3, 1996. In November 1996, Richard B. DiGuglielmo, one of the proprietors of the deli, received a letter dated November 19, 1996 from the law firm retained by the Campbell family, advising him to contact his insurance representatives with respect to the injuries sustained as a result of Campbell's death. Although plaintiffs assert in affidavits that they "provided copies of those letters to [their] insurance broker," they offer no specifics as to the name of that broker or the approximate date on which they provided copies. The only broker that acknowledges receipt of the letter from Campbell's attorneys asserts that the agency first received the letter in June 1997, upon receipt of which the broker promptly forwarded the letter to Hartford. The only evidence of the time frame in which Hartford received notice of the claim showed that it first received notice in June 1997.

The principals of Venice Deli knew about the grievous incident on the same day it occurred; at least one of them received direct notice of the intended lawsuit in November 1996, and both were admittedly aware of the notice. Yet, the incident was not reported to Hartford until seven months later. This delay cannot be construed as reasonable under any view (*see Paramount Ins., supra*). Rather, the submissions before the court require, as a matter of law, the conclusion that notice of the potential claim was not given to the insurer within a reasonable time after the insured had information available establishing the likelihood of the claim.

Furthermore, although a failure to give notice may be excused when the insured, acting as a reasonable and prudent person, believes she is not liable for the accident, here the purported good faith belief in nonliability was unreasonable as a matter of law. Inasmuch as there is no excuse for the delay and mitigating circumstances are absent, the failure to give notice was untimely as a matter of law, vitiating coverage under the policy (*see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583 [1998]).

Nor was Hartford's formal disclaimer untimely under the circumstances. Its delay in issuing the disclaimer was justified and, indeed, necessitated by plaintiffs' conduct. An insurer is not required to disclaim on timeliness grounds before conducting a prompt, reasonable investigation into other possible grounds for disclaimer; in fact, a "reasonable investigation is preferable to piecemeal disclaimers" (*see 2540 Assoc. v Assicurazioni Generali*, 271 AD2d 282, 284 [2000]). Here, Hartford, having agreed with the insureds to postpone its investigation upon the express condition that plaintiffs waive any claim or defense with respect to the timeliness of any subsequent disclaimer, proceeded to conduct its investigation as diligently as possible, then disclaimed coverage on four separate grounds, including the timeliness of the insured's notice of the claim.

That the policy exclusions Hartford relied upon in its disclaimer were ultimately inapplicable does not lead inexorably to an absolute duty to defend, since Hartford also properly disclaimed on the meritorious ground that notice of the incident was untimely. Nor was Hartford required to show prejudice to sustain a coverage disclaimer on the basis of late notice (*see Paramount Ins., supra* at 241).

Finally, plaintiffs' waiver of any claim or defense relative to the timeliness of the disclaimer was valid and binding, and requires rejection of plaintiffs' reliance on the claim of belated disclaimer. Concur—Nardelli, J.P., Saxe, Rosenberger, Williams and Friedman, JJ.