■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v HARLEN HOUSING ASSOCIATES et al., Respondents, et al., Defendant. [777 NYS2d 438]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered November 12, 2003, which denied plaintiff's motion for summary judgment, granted defendants' cross motions for summary judgment, and declared that plaintiff is obligated to defend and indemnify defendants Harlen Housing Associates and MHR

Management, Inc. in the underlying personal injury action, unanimously reversed, on the law, without costs, plaintiff's motion granted, defendants' cross motions denied, the declaration vacated and substituted therefor a declaration that plaintiff has no obligation to defend or indemnify defendants in the underlying personal injury action, *Thompson v Harlen Hous. Assoc.* et al.

Plaintiff insurer timely and properly disclaimed coverage on the ground of untimely notice of the underlying incident, the May 13, 2001 shooting of Theodore Thompson, a tenant at an apartment building owned by defendant Harlen Housing and managed by defendant MHR.

The commercial general liability policy plaintiff issued to Harlen covering the building in question requires the insured to "see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." The submitted documents establish that employees of both Harlen Housing and MHR learned of the shooting incident that day or the next. Among the documents received by the president of MHR the next day were two incident reports stating that Thompson had been shot in the left arm and left in an ambulance.

Yet, the documents also establish that plaintiff was not made aware of the incident until, at the earliest, the date the summons and complaint was forwarded to it, January 8, 2002. The insured bears the burden of proving the reasonableness of any delay in giving notice (*Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 240 [2002]; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 498 [1989], *lv dismissed* 74 NY2d 651 [1989]). Since the insured had information shortly after the incident indicating that the tenant might have been seriously injured, the failure to give notice of the incident until service of the complaint almost eight months later was unreasonable as a matter of law (*see Paramount Ins.* at 241; *SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 585 [1998]).

Harlen's and MHR's assertion that until December 2001 they did not know of the basis for any claim of their liability, namely, defective doors and locks at the subject building, is flatly contradicted by the statement of the building superintendent: "We have had a lot of problems with the magnetic locks . . . since they were put in over five or six years ago . . . In addition, we have a lot of vandalism that includes . . . door closers broken, and/or not closing properly." This employee's knowledge is imputed to his employer, the insured (*see Goldstein v Consolidated Edison Co. of N.Y.*, 115 AD2d 34, 41 [1986], *lv denied* 68 NY2d 604 [1986]).

Nor was there unreasonable delay by the insurer in its disclaimer. Plaintiff did not have enough information to be aware of grounds for its disclaimer until it received the "rush investigation" report on January 18, 2002. Consequently, its disclaimer, sent on February 14, 2002, was issued only 27 days after it learned of the grounds for disclaimer. This is timely as a matter of law (*see Silk v City of New York*, 203 AD2d 103, 104 [1994], *lv denied* 84 NY2d 810 [1994]). Even if we were to measure from the date on which plaintiff received the insured's notice, January 8, 2002, the 37-day period is also reasonable (*see Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144, 145 [1998]; *Sphere Drake Ins. Co. v Block 7206 Corp.*, 265 AD2d 78, 82 [2000]; *Farmbrew Realty Corp. v Tower Ins. Co.*, 289 AD2d 284, 285 [2001], *lv denied* 98 NY2d 601 [2002]).

The conclusion of the IAS court that there was no need for plaintiff to conduct an investigation before determining whether to disclaim is in error. It is reasonable for an insurer to investigate before deciding to disclaim (*see Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi*, 121 AD2d 276, 278 [1986], *lv denied* 68 NY2d 611 [1986]). This allows the disclaimer to be based on "concrete evidence" (*see Mount Vernon Fire Ins. Co. v Harris*, 193 F Supp 2d 674, 678 [2002]) and avoids "piecemeal disclaimers" (*see 2540 Assoc. v Assicurazioni Generali, S.p.A.*, 271 AD2d 282, 283-284 [2000]).

Therefore, plaintiff's summary judgment motion should have been granted, and a declaration in its favor issued. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.