■ MORDECHI Z. FISCHER, Appellant, v CENTURION INSURANCE COMPANY, Respondent. [780 NYS2d 612]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Jacobowitz v Fischer,* pending in the Supreme Court, Kings County, under Index No. 10274/02, the plaintiff appeals from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated October 29, 2003, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action entitled *Jacobowitz v Fischer*, pending in the Supreme Court, Kings County, under Index No. 10274/02.

"The requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage. There may be circumstances such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability, that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse" (*White v City of New York*, 81 NY2d 955, 957 [1993] [citations omitted]; *see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]).

The plaintiff, who did not notify the defendant of the accident until 15 months thereafter, failed to meet that burden. It was not reasonable for the plaintiff to believe that he would not be liable when, shortly after the accident occurred, he knew that a tenant fell down stairs in his building, and that the tenant required surgery for the injury she sustained. Moreover, the fact that the plaintiff did not timely call the defendant, despite having timely contacted his insurance broker about the accident and acquiring the defendant's telephone number, was inconsistent with the plaintiff's claim of having a good faith belief in nonliability (*see Centrone v State Farm Fire & Cas.*, 275 AD2d 728 [2000]; *Transtate Ins. Co. v Paradise Palace*, 238 AD2d 505 [1997]).

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.