■ US PACK NETWORK CORP. et al., Appellants, v TRAVELERS PROPERTY CASUALTY, Respondent, et al., Defendants. [808 NYS2d 153]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 25, 2004, which, in an action by a courier to recover under a policy of commercial property insurance for loss of certain commercial documents, granted defendant-respondent insurer's motion for summary judgment

dismissing the complaint as against it, unanimously affirmed, with costs.

The policy required that notice of any loss be "prompt," and the undisputed record shows that the insurer did not receive written notice of plaintiffs' two losses until 6 and 15 months after they occurred. We reject plaintiffs' argument that the word "prompt" is ambiguous (see *DiGuglielmo v Travelers Prop. Cas.*, 6 AD3d 344, 345 [2004], *lv denied* 3 NY3d 608 [2004]), and, absent any excuse or mitigating circumstances for the delays, find that the notices were not prompt as a matter of law (see *id.* at 346; *Power Auth. of State of N.Y. v Westinghouse Elec. Corp.*, 117 AD2d 336, 339-340 [1986]). Plaintiffs offer no excuse or mitigating circumstances. Instead, their president asserts that he "verbally notified" defendant broker, allegedly the insurer's agent, "shortly after each loss." This fails to raise a bona fide issue of fact as to whether there was prompt notice. The phrase "shortly after" is for present purposes too vague to be a workable approximation of time, and no specifics are provided as to the identity of the person with whom plaintiffs' president spoke (see *DiGuglielmo*, 6 AD3d at 345). Nor can it avail plaintiffs to take the broker's deposition. In answer to plaintiffs' interrogatories, the broker indicated that its first receipt of notice was virtually contemporaneous with the insurer's, and plaintiffs' president should know when he contacted the broker and to whom he spoke (see *id.*). Concur—Saxe, J.P., Marlow, Ellerin, Gonzalez and McGuire, JJ.