■ THE DOE FUND, INC., et al., Appellants, v ROYAL INDEMNITY COMPANY, Respondent, et al., Defendants. [825 NYS2d 450]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 6, 2006, which denied plaintiffs' motion for summary judgment and granted defendant Royal Indemnity's cross motion for summary judgment, unanimously affirmed, with costs.

In this declaratory judgment action, plaintiffs sought to test the validity of Royal Indemnity's disclaimer of coverage based on late notice of claim. The alleged "occurrence" took place in 2003 when a trainee of plaintiff Doe Fund, operating an electric power utility vehicle, struck defendant Greenberg, the plaintiff in the underlying personal injury action. Greenberg was taken to a hospital by ambulance. Even though Doe Fund's chief financial officer was aware of these facts, and the complaint report by defendant Hudson River Parks Trust indicated serious injuries, the insurer was not notified until some eight months after the incident, and three months after plaintiffs herein were served with a summons and complaint.

It is well settled that when an insurance policy requires notice of an occurrence or action be given promptly, that means within a reasonable time in view of all of the facts and circum-

stances. Courts have found even relatively short periods of unexcused delay in giving notice to be unreasonable as a matter of law (*see Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127 [1957] [51 days]; *US Pack Network Corp. v Travelers Prop. Cas.*, 23 AD3d 299 [2005] [six months]; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497 [1989], *lv dismissed* 74 NY2d 651 [1989] [131 days]).

The requirement of timely notice to the insurer is a condition precedent to coverage (*Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239 [2002]). Without a valid excuse, failure to satisfy this requirement vitiates the policy (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.