■ RMD PRODUCE CORP., Respondent, v HARTFORD CASUALTY INSURANCE COMPANY, Appellant, and LUMBERMENS CASUALTY COMPANY et al., Respondents, et al., Defendant. [831 NYS2d 135]—

Order and judgment (one paper), Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered January 26, 2006, which, inter alia, granted defendant Lumbermens Casualty Company's motion to stay the indemnity portion of this declaratory judgment action pending resolution of the underlying personal injury action, and granted plaintiff RMD Produce Corp.'s cross motion for summary judgment to the extent it declared that defendant Hartford Casualty Insurance Company was obligated to defend RMD in the underlying personal injury action, and that Hartford was obligated to reimburse RMD for reasonable defense costs incurred thus far in that action, unanimously reversed, on the law, without costs, Lumbermens' motion and RMD's cross motion denied and, upon a search of the record, summary judgment granted to Hartford and Lumbermens and it is declared that Hartford and Lumbermens have no duty to defend or indemnify RMD or defendant Keith Freeman in connection with the underlying personal injury action.

RMD is a New York corporation which operates its business at the New York City Terminal Market, Bronx, New York. A commercial general liability policy of insurance issued by Hartford to RMD was in effect at the time in question, as was a commercial catastrophe liability policy issued to Hunt's Point Cooperative Risk, under which RMD was a named insured. The underlying action arises out of an incident which occurred on May 13, 2003, in which Michael Ward, a fire inspector for the City of New York, claims he was assaulted by Keith Freeman, an employee of RMD, as Ward was attempting to perform a fire inspection of the premises occupied by RMD.

RMD maintains that it first learned of the underlying action in April 2004, and that it notified Hartford and Lumbermens in April or May of 2004. Hartford and Lumbermens both denied any duty to defend or indemnify RMD on the ground, inter alia, that it failed to provide timely notice of the incident.

RMD subsequently commenced the within declaratory judgment action asserting that the incident involved the use of reasonable force by Freeman to protect persons and/or property, and that because justification was available as a defense to the assault claim, its duty to notify the insurers was not triggered until it received process in the underlying action. RMD also asserted that Freeman was acting within the scope of his employment and even if that were not the case, the alleged loss was not intended or expected by RMD, and therefore was a covered occurrence.

Lumbermens thereafter moved for an order staying this action pending the resolution of the underlying action, and RMD cross-moved for summary judgment declaring, inter alia, that Hartford is obligated to defend and indemnify RMD and Freeman against any judgment recovered against them in the underlying action. The motion court granted Lumbermens' motion to the extent of staying the indemnity portion of this action, finding that a clear conflict of interest existed between Hartford, Lumbermens and the insured concerning the facts in the underlying action. The trial court further granted RMD's cross motion to the extent it declared Hartford was obligated to defend RMD and Freeman in the underlying action, and that Hartford was obligated to reimburse RMD and Freeman for reasonable defense costs already incurred. The court found that because a possible basis existed upon which the insurer could be held obligated to indemnify the insured, that being the availability of justification as a defense to the assault claim, then plaintiff's belief that a lawsuit would not be brought was reasonable and its duty to notify defendant of the incident was not triggered until receipt of the complaint. We disagree and reverse.

The purpose behind New York's requirement of strict compliance with the notice provisions of an insurance contract is that it protects the carrier against fraud or collusion; gives the insurer an opportunity to investigate claims while the evidence is still fresh; affords the carrier time to make an early estimate of potential exposure and establish adequate reserves; and provides the insurer the chance to exercise early control of claims in the aid of potential settlement (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 582 [1992]).

It is established that where, as here, the contract of insurance requires the insured to notify its liability carrier of a potential claim "as soon as practicable," such requirement acts as a condition precedent to coverage (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *White v City of New York*, 81 NY2d 955, 957 [1993]), and the insured's failure to provide timely notice of an occurrence vitiates the contract as a matter of law (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d at 339; *Modern Cont. Constr. Co., Inc. v Giarola*, 27 AD3d 431, 432-433 [2006]). While the Court of Appeals has recognized that circumstances may exist that excuse a failure to give timely notice, such as a "good-faith belief of nonliability," that belief must be reasonable "under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the

insured has inquired into the circumstances of the accident or occurrence" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972], *see also White v City of New York*, 81 NY2d at 958 ["where a reasonable person could envision liability, that person has a duty to make some inquiry"]). Moreover, the insured must shoulder the burden of demonstrating the reasonableness of the proffered excuse (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 744; *White v City of New York*, 81 NY2d at 957), and the courts have found even relatively short periods of unexcused delay in giving notice to be unreasonable as a matter of law (*Doe Fund, Inc. v Royal Indem. Co.*, 34 AD3d 399, 400 [2006]). We further note that an appellate court may search the record and grant summary judgment to eligible parties (*Hughes v Solovieff Realty Co., L.L.C.*, 19 AD3d 142, 143 [2005]; CPLR 3212 [b]).

In the matter before us, we find that plaintiff's notice to its carriers, made nearly one year after the occurrence in question, was untimely as a matter of law. The record herein reveals that Ward attempted to gain entry to plaintiff's premises to conduct a fire inspection, but was refused by plaintiff's employee, Keith Freeman, the brother of plaintiff's owner and sole officer, Randall Freeman. Ward left, and subsequently returned with two New York City police officers and a New York City Fire Department chief. At that juncture, Freeman allegedly continued to refuse access to Ward and an altercation broke out between Ward and Freeman, during which Freeman also attacked one of the police officers. As a result, Freeman was arrested on a variety of charges, including assault and obstruction of governmental administration.*

Plaintiff now maintains that its failure to give timely notice was reasonable because there was a large amount of cash in the premises and Freeman, therefore, was justified in using force to protect persons or property. Plaintiff's principal, Randall Freeman, also stated in an affidavit in support of plaintiff's cross motion that it was his "understanding that the incident involved, at most, shoving," an assertion directly contradicted by his brother, who averred in an affidavit that "I was assaulted and sustained significant injury to my face and body with extensive bleeding."

In sum, given all of the circumstances, including the injuries sustained by Freeman, the fact that he was arrested, and that the other participants in the incident were New York City of-

---

\* The fact that all charges against Freeman were dismissed in March 2004, approximately 10 months after the incident, has no bearing on whether plaintiff's failure to give timely notice of the occurrence was reasonable.

ficials, we conclude that there is no view of the circumstances which would warrant a finding that plaintiff's failure to give timely notice of the occurrence was reasonable. We, therefore, award summary judgment to Hartford, the primary carrier, and Lumbermens, the excess carrier (*see Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 24 AD3d 172, 173 [2005], *appeal dismissed* 6 NY3d 844 [2006]; *City of New York v St. Paul Fire & Mar. Ins. Co.*, 21 AD3d 978, 981-982 [2005]). Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.