■ ALL AMERICAN FLOORING, LTD., Appellant, v THE SIRIUS AMERICA INSURANCE Co. et al., Respondents. [870 NYS2d 22]—

The evidence shows that plaintiff's president was notified of the injured party's accident the day after it occurred, was aware that she was hurt but had refused an ambulance, and did not notify defendants of the possibility of a claim until more than six months later. This was unreasonable as a matter of law (*see DiGuglielmo v Travelers Prop. Cas.*, 6 AD3d 344, 345-346 [2004], *lv denied* 3 NY3d 608 [2004]). Although a good faith belief in nonliability may excuse the failure to provide timely notice (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743-744 [2005]), there is no indication that plaintiff attempted to ascertain the possibility of its liability for the accident. For example, had plaintiff conducted an inquiry by contacting the injured party after the accident, it would have learned that she was bleeding and had pain in her shoulder and back after a closet door, which plaintiff's employees had removed during the course of their work in the injured party's apartment, had fallen on her back and that she subsequently went to the hospital, where she was treated for her injuries. Under the circumstances presented, there is no basis for a good faith belief in plaintiff's nonliability (*see Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305, 308 [2008]; *York Speciality Food, Inc. v Tower Ins. Co. of N.Y.*, 47 AD3d 589 [2008]). Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.