■ Tower Insurance Company of New York, Appellant, v Christopher Court Housing Company, Respondent, et al., Defendants. [897 NYS2d 63]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 24, 2008, which, in a declaratory judgment action involving whether plaintiff insurer has a duty to defend or indemnify defendant insured in an underlying action brought against defendant for personal injuries allegedly sustained in an assault on its premises, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and it is declared that plaintiff has no duty to defend or indemnify defendant.

A residential tenant in defendant's building was allegedly assaulted in the hallway outside her apartment. The incident report generated by the security guard on duty, which was submitted to defendant's employee, the building's property manager, reported that the tenant claimed she was "grabbed" by the assailant, police and emergency medical personnel were called to the scene, and there was "no evidence" of the assailant. The police report, which the property manager did not obtain, reported that the tenant stated that an unknown assailant came out from the stairwell, grabbed her, pulled her hair, knocked off her glasses and that her arm was scratched; that the tenant was going through an "anxiety attack," was "very distraught," and was taken to the hospital by emergency medical personnel; and that the officers canvassed the premises but were unable to find the assailant. There is no dispute that plaintiff's first notice of the incident was its receipt of the tenant's summons and complaint against defendant some three months after the incident. The argument on appeal involves

whether such delay was reasonably based on a good-faith belief in nonliability.

In order to excuse a failure to give timely notice, a good-faith belief in nonliability "must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *see White v City of New York*, 81 NY2d 955, 958 [1993]).

Defendant argues that its delay in giving notice was reasonable where there was no evidence that the tenant was knocked down by the assailant, security staff told the property manager that a problematic rear door was closed at the time of the incident, and the property manager observed the tenant to be uninjured and was rebuffed by the tenant when she attempted to talk to her about the incident. Such circumstances, as a matter of law, do not show a reasonable inquiry. The property manager knew that the building's security staff did not speak to the tenant and had learned of the incident from the responding police officers. Had the property manger inquired whether a police report had been filed, as she should have, she would have learned of details that were not reported by the security staff, including that the tenant was in distress and had been taken from the building by ambulance. Coupled with her personal knowledge of a potentially hazardous condition—a fire exit door that was sometimes found propped open or held open from the inside by tenants—the police report would have alerted the property manager to the possibility of a claim (*see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583 [1998]). Concur—Tom, J.P., Sweeny, Catterson, Moskowitz and DeGrasse, JJ.