■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v BRUCE MILES et al., Respondents, et al., Defendants. [903 NYS2d 16]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 8, 2009, which, insofar as appealed from as limited by the brief, denied plaintiff's motion for summary judgment declaring that it had no duty to defend or indemnify defendants Bruce Miles and 143 Selye Terrace, Inc. in an underlying personal injury action, unanimously reversed, on the law, without costs, the motion granted and it is declared that plaintiff has no duty to defend or indemnify Miles and 143 Selye Terrace.

Where, as here, the contract of insurance requires the insured to notify its liability carrier of a potential claim "as soon as practicable," such requirement acts as a condition precedent to coverage (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]), and the insured's failure to provide timely notice of an occurrence vitiates the contract as a matter of law (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]). Here, Miles became aware approximately one week after the incident that a patron of his bar had potentially assaulted another patron on his premises. Because defendants were knowledgeable of facts that suggested a reasonable possibility of a claim against them and failed to conduct a sufficient inquiry into the circumstances, their five-month delay in notifying plaintiff of the incident was unreasonable as a matter of law (*see e.g. Tower Ins. Co. of N.Y. v Christopher Ct. Hous. Co.*, 71 AD3d 500 [2010]; *SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583 [1998]). Miles' claimed belief of nonliability on the basis that none of his employees were involved in the incident was not reasonable under the circumstances (*see e.g. Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305, 308 [2008]). Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Román, JJ.