Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered February 2, 2010, which, in this action seeking a declaration as to insurance coverage, inter alia, granted plaintiff’s cross motion for summary judgment declaring that defendant is obligated to defend and indemnify it in the underlying personal injury action, unanimously reversed, on the law, without costs, and the cross motion denied.
Plaintiff Hermany Farms Inc. (Hermany), is the owner and operator of a milk processing plant in the Bronx owned by two families, the Marrows and the Schwartzes. Gregory Broome, the plaintiff in the underlying action, was a milkman employed by Knoll Creek, a distributor of milk bottled by Hermany. Knoll Creek is owned by Norman Marrow, a part owner and treasurer of Hermany, whose office is located on Hermany’s premises.
On August 23, 2005, with no witnesses present, Broome fell at the milk processing plant at Hermany. Through his employer, Broome applied for workers’ compensation on August 30, 2005— seven days after the accident. One year later, on August 7, 2006, Broome commenced a personal injury action against Hermany. Upon receiving the summons and complaint, Robert Marrow, chief operating officer of Hermany, notified defendant Seneca Insurance Company of the claim.
Seneca disclaimed coverage on the grounds that Hermany had failed to provide notice to Seneca as soon as practicable after the occurrence giving rise to the lawsuit. Seneca asserted that its own investigation into the accident had revealed that “Knoll Creek Dairy was aware of the incident on the day it oc *890 curred, August 23, 2005 and filed a Worker’s Compensation report.” Seneca maintained that the knowledge of the accident should be imputed to Hermany because not only is Norman Marrow the owner and President of Knoll Creek Dairy, but “he is also an officer [sic] of Hermany.”
Hermany instituted the present declaratory judgment action demanding that Seneca defend and indemnify it in the underlying lawsuit. On August 21, 2009, Seneca moved for summary judgment declaring that Seneca properly disclaimed coverage of the claim due to Hermany’s unreasonable delay in notifying Seneca. On October 26, 2009, Hermany cross-moved for summary judgment on the grounds that Seneca is obligated to defend and indemnify since the failure to give Seneca timely notice of the incident was excused by a good faith belief in nonliability.
The court denied Seneca’s motion and granted Hermany’s cross motion for summary judgment declaring, that Seneca was obligated to defend and indemnify Hermany in the underlying personal injury action. We now reverse for the reasons set forth below.
It is well established that when a policy of liability insurance requires notice of an occurrence be given as soon as practicable, such notice must be provided within a reasonable period of time, and the failure to give such notice relieves the insurer of its obligations under the contract (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742 [2005]). We note that, in the absence of an excuse, even a 60-day delay in notifying the insurer is not “as soon as practicable.” Such late notice would violate the notice condition of the insurance policy as a matter of law (see Steinberg v Hermitage Ins. Co., 26 AD3d 426, 427 [2006]).
There are, however, circumstances which excuse a failure to give timely notice. Where the insured has “a good faith, reasonable belief of nonliability,” the Court of Appeals has found that a violation of the prerequisite of “timely notice” may not exclude an insurer from defending and indemnifying the insured (see Great Canal Realty Corp., 5 NY3d at 743-744, citing Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 441 [1972]). When an insured claims a good faith belief of nonliability, “the insured bears the burden of establishing the reasonableness of the proffered excuse” (Great Canal Realty Corp., 5 NY3d at 744).
On appeal, Hermany argues that Robert Marrow was the person charged with overseeing daily operations, and thus solely responsible for the policy notification. It further argues that *891 Robert Marrow first became aware of the accident one year later in August of 2006 when he was served with a summons and complaint. He testified that, it was only upon receipt of the summons and complaint that he ascertained that Broome “fell off a truck that he had been working on while it was parked at the Harmony platform.”
We find this argument unavailing. The employees of both businesses, Knoll Creek and Hermany, testified at deposition that they knew the accident occurred. Indeed, Hermany’s platform supervisor, Edward Barry, testified that he was immediately summoned to the scene of the incident. When he was informed Broome fell, he “went over to the end of the platform, and I seen him laying on the ground, and right away I called 911, and the ambulance came.” Further, Norman Marrow confirmed that he saw the workers’ compensation form that was prepared by Knoll Creek’s bookkeeper. He testified, “I saw it some days later when [the bookkeeper] mailed it in.” He acknowledged that the form stated that Broome had “stepped off back of platform.” That admission is fatal to Hermany’s argument since it is reasonable to believe that Hermany, through its owners, knew of the incident within days of its happening and long before receipt of the summons and complaint. Given that the incident occurred on Hermany’s property, Hermany could reasonably believe that a claim for liability would arise. At the very least, the workers’ compensation form should have prompted Hermany to obtain a clarification of how the incident occurred (see White v City of New York, 81 NY2d 955, 958 [1993]). Hence, we find that Hermany has failed in its burden of establishing the reasonableness of its proffered excuse, and therefore the court erred in granting Hermany summary judgment. Concur—Tom, J.E, Sweeny, Catterson, McGuire and Román, JJ.