11-836-cv
United National Insurance Co. v. 515 Ocean Avenue, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, on the 1ˢᵗ day of May, two thousand twelve.

PRESENT:

      RALPH K. WINTER,
      GUIDO CALABRESI,
      JOSÉ A. CABRANES,

            *Circuit Judges*

United National Insurance Company,

            *Plaintiff–Counter Claimant–*
            *Counter Defendant–Cross Defendant–*
            *Appellee*,

      v.                          11-836-cv

515 Ocean Avenue, LLC, d/b/a United American
Land LLC,

            *Defendant–Counter Defendant–*
            *Cross Claimant–Counter Claimant–*
            *Appellant*,

16 Warren Association LP, United American Land, LLC,

            *Defendants–Cross Claimants–Counter*
            *Claimants–Appellants*,

Ocean 505 Associates, LLC, E & S Son, Inc..,

*Defendants.*

**FOR PLAINTIFF–COUNTER CLAIMANT–
COUNTER DEFENDANT–CROSS DEFENDANT–
APPELLEE:**
             STEVEN VERVENIOTIS, Miranda
             Sambursky Slone Sklarin Verveniotis,
             LLP, Mineola, NY.

**FOR DEFENDANTS–COUNTER DEFENDANT-
CROSS CLAIMANTS–COUNTER CLAIMANTS–
APPELLANTS:**
             LOUIS G. ADOLFSEN (Michael H.
             Bazzi, *on the brief*), Melito & Adolfsen,
             P.C., New York, NY.

 Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

 **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

 This is an insurance coverage action, in which plaintiff-appellee United National Insurance Company ("United National") sought a declaration that it is not obligated to defend or indemnify the defendants-appellants, 515 Ocean LP, D/B/A United American Land LLC, 16 Warren Associates LP, and United American Land, LLC (jointly "UAL") for claims brought in state court by Ocean 505 LLC ("Ocean 505"). In the underlying state court action, which has since settled, Ocean 505 sought reimbursement for property damage allegedly caused to its building at 505 Ocean Avenue in Brooklyn as a result of construction work being undertaken at UAL's adjacent building, 515 Ocean Avenue.

 United National argues that it is not obliged to indemnify UAL because UAL failed to notify it "as soon as practicable" about the potential property-damage claim, as is required by the "late notice provision" of the applicable Commercial Insurance Policy.[1] That provision imposes certain duties on the insured, including that, in the event the insured is notified of an "occurrence" that may result in a claim or suit, the insured must "notify [United National] as soon as practicable."

---

[1] United National argues, in the alternative, that it is not obliged to defend or indemnify UAL because the underlying claim falls within the independent-contractor exclusion in the policy. Like the District Court, we do not need to reach this argument because we agree that United National was entitled to summary judgment under the late-notice provision.

The underlying state suit alleged that the damage caused by construction at 515 Ocean Avenue occurred "prior to September 4, 2007." As early as December 22, 2005, a complaint was received by the New York City Department of Buildings ("DOB") alleging that construction at 515 Ocean Avenue was "weakening . . . [the] found[ation] of the neighboring building[, 505 Ocean Avenue]." This complaint, and another dated May 24, 2006, were both investigated by the DOB, which found no violation. In July 2007, Yechiel Weinberger, the managing member of Ocean 505, showed cracks in the walls and foundation of 505 Ocean to John Marshall, a construction manager for UAL. Marshall believed that the damage was minor and could easily be repaired. However, Weinberger subsequently called Marshall several times to complain that the damage was worsening. Finally, in a letter dated September 10, 2007, Ocean 505 advised UAL that "as a result of the work performed by your employees, contractors or agents, 505 Ocean Avenue sustained severe structural damage both on the exterior and interior of the premises." The letter "request[ed] that [it] be immediately forwarded directly to the appropriate insurance carrier in order to avoid any disclaimers of coverage based upon late notice provisions that are contained in certain policies."

UAL acknowledges that it did not provide United National notice of the potential claim until either November 29, or November 30, 2007, almost two years after the first complaint to the DOB, approximately four months after Weinberger showed Marshall the damaged walls and foundation, and more than ten weeks after Ocean 505 sent the letter expressly requesting that UAL notify its insurers of the impending claim. However, UAL argues that its delay in notifying United National of the potential claim should be excused, inasmuch as the initial complaints to the DOB were not substantiated, the damage that Weinberger showed to Marshall was minor and easily repairable, and the September 10, 2007, letter was received by Jack Laboz, a UAL principal who tragically died shortly thereafter, in the midst of Jewish holidays. Therefore, UAL claims, it was unable to submit notice of the claim to United National any sooner than they did.

The District Court rejected these arguments and granted summary judgment in favor of United National. We affirm the District Court's judgment for substantially the same reasons stated in its thorough and sound Memorandum & Order of February 22, 2011. *See* Memorandum & Order, *United National Ins. Co. v. 515 Ocean LP*, No. 08-cv-2630 (E.D.N.Y. Feb. 22, 2011).

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under New York law, which governs this diversity action, it is well settled that compliance with the notice provisions of an insurance contract is a condition precedent to an insurer's liability. *See Am. Ins. Co. v. Fairchild Indus., Inc.*, 56 F.3d 435, 438 (2d Cir. 1995); *Sec. Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 440 (1972). These types of requirements are "standard provision[s] in liability policies," *Travelers Ins. Co. v. Volmar Constr. Co., Inc.*, 300 A.D.2d 40, 43 (1st Dep't 2002), without which "an insurer may be deprived of the opportunity to investigate a claim and is rendered vulnerable to fraud," *Power Auth. v. Westinghouse Elec. Corp.*, 117 A.D.2d 336, 339 (1st Dep't 1986) (noting that late notification "may also prevent the insurer from providing a sufficient reserve fund"). "For these reasons, '[t]he right of an insurer to receive notice has been held to be so fundamental that the insurer need show no prejudice to be able to disclaim liability on this basis.'" *Id.* (quoting *Allstate Ins. Co. v. Furman*, 84 A.D.2d 29, 33 (2d Dep't 1981)). Prior to 2009, when the applicable statute was amended, New York law allowed insurers to require that notice be provided "as soon as was reasonably possible," and did not require any showing of prejudice. N.Y. Ins. Law § 3240(a)(4) (2002). It is undisputed that the pre-amendment version of the law applies in this case, as the relevant policy was issued prior to 2009.

"The test for determining whether the notice provision has been triggered is whether the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim." *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995). There is no inflexible test of what constitutes reasonable notice, but the burden is on the insured to demonstrate that any delay was reasonable under the circumstances. *See Acker-Fitzsimmons*, 31 N.Y.2d at 441. In the absence of an excuse, such as a genuine lack of knowledge that an incident or accident has occurred, New York courts interpret late-notice provisions rather stringently, and "have found relatively short periods [of delay] to be unreasonable as a matter of law." *Travelers*, 300 A.D.2d at 43 (internal quotation marks omitted); *see, e.g.*, *Deso v. London & Lancashire Indem. Co.*, 3 N.Y.2d 127, 130 (1957) (finding delay of 51 days in providing notice to be unreasonable); *Rushing v. Commercial Cas. Ins. Co.*, 251 N.Y. 302, 304 (1929) (finding 22-day delay to be unreasonable); *US Pack Network Corp. v. Travelers Prop. Cas.*, 23 A.D.3d 299, 300 (1st Dep't 2005) (six-month delay unreasonable); *Pandora Indus., Inc. v. St. Paul Surplus Lines Ins. Co.*, 188 A.D.2d 277, 277 (1st Dep't 1992) (31-day delay unreasonable).

Although a good-faith belief in non-liability may excuse an insured's failure to give timely notice, "the insured's belief must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstance of the accident or occurrence." *Great Canal Realty Corp. v. Seneca Ins. Co., Inc.*, 5 N.Y.3d 742, 743–44 (2005) (quoting *Acker-Fitzsimmons*, 31 N.Y.2d at 441). "At issue is not whether the insured believes he will ultimately be found liable for the injury, but whether he has a reasonable basis for a belief that no claim will be asserted against him." *SSBSS Realty Corp. v. Pub. Serv. Mut. Ins. Co.*, 253 A.D.2d 583, 584 (1st Dep't 1998).

4

Applying these standards on *de novo* review, we agree with the District Court that the notice provision was triggered some time in July 2007, when Weinberger showed the damage to Marshall. At that time, particularly given the previous complaints to the DOB, "the circumstances . . . would have suggested to a reasonable person the possibility of a claim." *Sparacino*, 50 F.3d at 143. Although UAL contends that the likelihood of a claim was not apparent at this time because the damage appeared to be minimal, we agree with the District Court that "even comparatively minor damage might result in a claim." The question, we are told by the New York courts, is not whether any potential claim is likely to be substantial, or even successful, but simply whether a claim is likely to be asserted. *See SSBSS Realty*, 253 A.D.2d at 584. In this respect, we find significant that Weinberger not only complained in person to Marshall, but then followed up with several phone calls complaining that the damage was worsening.

UAL's delay of approximately four months in notifying United National of the potential claim was unreasonable under the circumstances. UAL contends that the death of one of its principals, as well as other personal circumstances, including the concentration of Jewish holidays in September, excuses its failure to provide notice to United National before late November 2007. However, all of these circumstances arose only after 505 Ocean expressly requested that UAL inform its insurer of the impending claim. UAL has pointed to no circumstances between July and September 2007 to excuse its delay. Furthermore, although the death of a principal in a small, family-owned business, combined with religious observances, might excuse a late notice under other circumstances, in this case UAL was already on notice as of July 2007 that a claim might be forthcoming from 505 Ocean. Under the circumstances, therefore, there was no excuse for any further delay after the discovery of the September 10, 2010, letter.

## CONCLUSION

We have considered all of the appellants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5