■ Denny Castro, Plaintiff, v Prana Associates Twenty One, LP, Defendant. (And a Third-Party Action.) Prana Associ-

ATES TWENTY ONE, LP, Second Third-Party Plaintiff-Respondent, v NORTHLAND INSURANCE, Second Third-Party Defendant-Appellant, et al., Second Third-Party Defendant. [944 NYS2d 558]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered April 21, 2011, which, to the extent appealed from as limited by the briefs, granted Prana's motion for summary judgment seeking enforcement of the default judgment obtained by Prana against Four Star to the extent of declaring that Northfield, Four Star's insurer, is required to indemnify Prana in the underlying action, and denied Northfield's motion for summary judgment against Prana, unanimously reversed, on the law, with costs, Prana's motion denied, and Northfield's motion granted to the extent of declaring that Northfield has no obligation to defend or indemnify Prana in the underlying personal injury action.

Prana's September 29, 2009 letter notifying Northfield of the underlying action and requesting defense and indemnification as an additional insured under the Northfield policy, did not trigger Northfield's duty to disclaim coverage as to Four Star, its named insured. Indeed, under the Northfield policy, both primary and additional insureds were required to provide notice of a claim; accordingly, notice provided by Prana could not be imputed to Four Star (*Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40, 43 [2002]). This is especially true given that Prana has taken a position adverse to Four Star in the underlying litigation (*id.*).

Even if Prana's September 29, 2009 letter had provided sufficient notice with respect to both Prana and Four Star, Four Star's failure to provide timely notice of Prana's third-party lawsuit against it vitiated coverage under the Northfield policy (*see American Tr. Ins. Co. v Rechev of Brooklyn, Inc.*, 57 AD3d 257, 257 [2008]). Indeed, Northfield did not receive notice from, and did not even learn that a claim had been made against, Four Star until it received notice of the suit and default judgment from Prana on May 25, 2010, and notice of the summons and complaint from Four Star's broker on June 2, 2010. Using either notice date (May 25, 2010 or June 2, 2010), Northfield's disclaimer letter, dated June 14, 2010, was timely as a matter of law (*see Public Serv. Mut. Ins. Co. v Harlen Hous. Assoc.*, 7 AD3d 421, 423 [2004]). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.