Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered June 12, 2012, which denied plaintiffs motion for summary judgment, unanimously affirmed, with costs.
Plaintiff brought this action pursuant to Insurance Law § 3420 (a) (2) to compel Allstate Insurance Co. to satisfy a judgment entered in his favor against the insured in the underlying personal injury action. The default judgment was entered July 25, 2011; plaintiffs counsel allegedly caused a copy of it to be *478 served on Allstate by mail the next day. Allstate denies that it received a copy of the default judgment, asserting that it had no notice of the underlying action until it received the pleadings in the instant action on December 8, 2011. Allstate issued a letter disclaiming coverage on December 28, 2011. Plaintiff contends that the disclaimer is invalid because it was untimely served, whether the time is measured from July 26, 2011 or December 8, 2011.
As to the December 8, 2011 date, Allstate’s issuance of the disclaimer letter 20 days later was timely as a matter of law (see Castro v Prana Assoc. Twenty One, LP, 95 AD3d 693, 694 [1st Dept 2012]). The record does not permit a determination as a matter of law regarding the timeliness of the disclaimer as measured from July 26, 2011. Allstate rebutted the presumption that it received a copy of the default judgment on July 26, 2011, by submitting an affidavit by its claims examiner detailing its mail-handling and record-keeping procedures and denying that it received a copy of the judgment or indeed of any notice of the underlying action before December 8, 2011, when it was served with process in the instant action (see Jimenez v New York Cent. Mut. Fire Ins. Co., 71 AD3d 637, 639 [2d Dept 2010]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.