■ Aetna Casualty & Surety Company et al., Appellants, v National Union Fire Insurance Company of Pittsburgh, Pa., et al., Respondents. [674 NYS2d 685] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 24, 1996, which denied plaintiff's motion for summary judgment declaring that defendant National Union is ob-

ligated to reimburse it for the costs incurred in defending an underlying personal injury action and third-party action and granted National Union's cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, plaintiff's motion granted, National Union's cross-motion denied and it is declared that the policy of insurance issued by National Union to Vanderbilt Biltmore Corp. covers plaintiffs Harry Macklowe, Harry Macklowe Real Estate Co., Inc. and McGraw Hudson Construction Corp. as additional insureds under said policy and defendant National Union had a duty to undertake and bear all defense and legal costs and attorney's fees in the underlying *Mike* action; that plaintiff Aetna Casualty & Surety Company is entitled to judgment against National Union in the sum of $60,500, the amount of the judgment entered in the *Mike* action on August 1, 1995, together with costs and interest from that date; and, that Aetna is further awarded judgment against National Union for its legal costs and attorneys' fees in the *Mike* action in the sum of $72,636.97 plus costs and interest from August 1, 1995. The Clerk is directed to enter judgment accordingly.

On January 24, 1989, Eldee Mike, an employee of defendant Vanderbilt Biltmore Corp., was injured while working on a construction project at the Hotel Macklowe in Manhattan. Plaintiffs Harry Macklowe, Harry Macklowe Real Estate and McGraw Hudson Construction (hereafter collectively Macklowe) were the owners, general contractors and construction managers for the project, and Vanderbilt was a subcontractor.

It is undisputed that the subcontract between Macklowe and Vanderbilt contained a "hold harmless" indemnification clause, and required Vanderbilt to obtain liability insurance naming Macklowe as additional insureds. National Union insured Vanderbilt against workers' compensation and liability claims. American International Group (AIG) was National Union's authorized representative, and it or one of its affiliates commenced workers' compensation payments to Mike on February 22, 1989.

On or about January 21, 1992, Mike sued Macklowe for negligence and violation of Labor Law §§ 240 and 241 (6) and, on or about January 26, 1994, Macklowe commenced a third-party action for contractual and common-law indemnification and for defense costs against Vanderbilt and another subcontractor. Vanderbilt, which had been officially dissolved as of March 24, 1993, never responded to the complaint or notified National Union of the action. On July 1, 1994, an order was

entered, granting a default judgment on the issue of liability against Vanderbilt with an assessment of damages to be made at trial. After a jury trial, Mike was awarded $60,500, Vanderbilt was found solely liable and Macklowe was granted judgment over against Vanderbilt.

At the time that Macklowe commenced its third-party action against Vanderbilt, Vanderbilt had already been dissolved. Thus, on February 18, 1994, Macklowe's insurer Aetna wrote AIG, confirming an earlier telephone conversation on that date, that Vanderbilt was insured by AIG/National Union under Policy #8171027, that Mike had claimed against Macklowe arising out of a January 24, 1989 accident and that Vanderbilt, as subcontractor, was supposed to name Macklowe as additional insureds on the named policy, and that Vanderbilt "might be out of business at this time". (The letter concluded by asking whether Macklowe was named as an additional insured and the policy limits. AIG never responded to Aetna's letter, and National Union seeks neither to explain nor excuse the lack of response.)

On June 13, 1994, Aetna sent a follow-up letter repeating the above information and request. Two weeks later, Aetna received a telephone response that AIG was in the process of moving and that the matter had been turned over to a certain Tim Owens for a response. No response was forthcoming, so Aetna sent a third letter on October 10, 1994. AIG again did not respond.

On November 7, 1994, the attorneys retained by Aetna to defend Macklowe wrote AIG advising of the date of the accident, Vanderbilt's contractual obligation to indemnify Macklowe and to have Macklowe named as an insured, and enclosing a copy of a certificate of insurance indicating that Vanderbilt *did* obtain such a policy. The letter also advised that Vanderbilt had been served with a third-party summons and complaint by serving the Secretary of State in January 1994 (a copy of the summons and complaint and notice of joinder was enclosed), and that, since Vanderbilt had not answered, a default judgment had been entered against it. Macklowe offered to vacate that default if AIG/National Union wished to answer and defend on behalf of Vanderbilt. Finally, AIG was warned that if it failed to defend, Macklowe's judgment would be enforced against National Union.

In response, Macklowe's attorneys received a copy of a November 28, 1994 letter from AIG's Tim Owens to Vanderbilt, advising it: "As you were served with suit papers back in January 1994, and failed to notify us promptly, we must

disclaim coverage as to late notice. * * * Therefore we will not defend or indemnify you in the event of any adverse judgment settlement or award."

On December 15, 1994, Macklowe's attorney wrote to Mr. Owens that Vanderbilt could not have forwarded the January 24, 1994 summons and complaint to AIG because it was already out of business, and repeated the offer to open the default. AIG responded: "We stand by our disclaimer to Vanderbilt Biltmore. It is Vanderbilt Biltmore's obligation as an insured under the policy to notify us of any claim or suit. The onus is on the insured to keep a public name and current address [to get notice of actions]. Further, the insured has an obligation to put us on notice of an occurrence * * * They have failed to meet their obligation * * * Therefore, we must disclaim."

As already noted, plaintiff Aetna defended that suit for Macklowe, and had to pay Mike $60,500 despite the fact that it was Vanderbilt, National Union's insured, that was solely negligent. The instant action was brought to recover the $60,500 Aetna paid to Mike and $72,636.97 for attorneys' fees and costs to defend that action.

In denying Aetna's motion for summary judgment and granting National Union's cross-motion to dismiss the complaint, the IAS Court found that Aetna's letters of February 18, 1994 and June 13, 1994, as well as the purported follow-up telephone calls, failed to satisfy National Union's policy requirement of timely written notice of occurrence, claim or suit inasmuch as the purported notices failed to advise National Union of "[h]ow, when and where the 'occurrence' took place" or "[t]he names and addresses of any injured persons and witnesses". The court further found that, while the November 7, 1994 letter arguably provided adequate notice, it was nevertheless untimely since it was sent almost five years after the alleged accident, three years after the commencement of the underlying action, ten months after the commencement of the third-party action and three months after the default judgment against Vanderbilt. Moreover, the court found that Aetna failed to proffer a reasonable excuse for its failure to promptly notify National Union of the occurrence or the subsequent actions and that its assertions that notice was delayed because Vanderbilt was no longer in business were insufficient to raise any triable issue of fact in light of the policy's notice requirements.

We disagree.

Insurance Law § 3420 (a) (3) requires all policies issued or delivered in this State to provide that "notice given by or on

behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer". It is now well settled that an injured party is no longer wholly dependent upon the diligence and conscientiousness of an insured that is liable for the injury. Where the insured has failed to give proper notice, the injured party can itself give notice, thereby preserving its rights to proceed directly against the insurer. Having been statutorily granted an independent right to give notice and recover directly from the insurer, the injured party or other claimant is not to be charged vicariously with the insured's delay (*Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, *affd* 4 NY2d 1028).

Thus, given the foregoing facts, we find that Aetna is the subrogee of Macklowe, in that it has paid the loss for which Macklowe was entitled to be indemnified by National Union's insured, the now-defunct Vanderbilt. We also find that Aetna gave timely notice to National Union. The IAS Court erroneously calculated any delay attributable to Aetna from the date of Mike's accident, which is plainly impermissible (*Lauritano v American Fid. Fire Ins. Co.*, *supra*, at 568-569).

Moreover, even if Aetna were late in giving notice, National Union's disclaimer was premised, repeatedly, on Vanderbilt's failure to give reasonable notice, and since late notice by Aetna/Macklowe was not mentioned in the disclaimer, it cannot be asserted now (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862; *see also, Aetna Cas. & Sur. Co. v Rodriguez*, 115 AD2d 418; *Fabian v MVAIC*, 111 AD2d 366, 367 ["The only ground stated in the disclaimer letter, to wit, the insured's failure to notify Allstate of the accident, was not effective as against petitioners."]). Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.