■ KEVIN DENNENY, Respondent, v LIZZIE'S BUGGIES, INC., Defendant, and PROVIDENCE WASHINGTON INSURANCE CO., Appellant. [761 NYS2d 171] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered on or about January 16, 2003, which, to the extent appealed from, denied the motion of defendant insurer Providence Washington Insurance Co. (Providence) for summary judgment, unanimously affirmed, with costs.

Plaintiff in an underlying personal injury action obtained a default judgment against defendant Providence's insured and thereafter commenced this action seeking a declaration that Providence is obligated to indemnify its insured for the liability incurred by it in the underlying action. Although the insured, defendant Lizzie's Buggies, Inc., never notified Providence of plaintiff's injury on its premises, a bar, plaintiff's affidavit and the signed statement by Sean Smyth, a part owner of Lizzie's Buggies, Inc., and Providence's own investigative reports suffice to raise a triable issue as to whether plaintiff was diligent in notifying Providence of his personal injury claim (*see Hartford Acc. & Indem. Co. v CNA Ins. Cos.*, 99 AD2d 310, 314 [1984]; *Jenkins v Burgos*, 99 AD2d 217, 220-221 [1984]). Whether plaintiff's multiple efforts over the course of a year to determine the identity of the bar's insurer from Smyth, and his search of relevant public records and filings in connection with Lizzie's Buggies, Inc.'s corporate existence, constituted reasonable efforts to identify and notify Lizzie's Buggies, Inc.'s insurer, especially in view of the misleading conduct and subterfuge engaged in by Lizzie's Buggies, Inc.'s principal owner to prevent disclosure of the insurance information sought by plaintiff, is a matter appropriately left for the trier of fact. Concur—Nardelli, J.P., Tom, Andrias and Lerner, JJ.