■ GTFM, LLC, et al., Appellants, v Thomas K. Nagy et al., Respondents, et al., Defendants. [795 NYS2d 21]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 2, 2004, which granted reargument and, upon reargument, granted defendant Nagy's motion for summary judgment dismissing the complaint against him, unanimously reversed, on the law, with costs and disbursements, the motion denied and plaintiffs' claims against Nagy reinstated.

In or about June 1999, defendant Nagy, who was the sole owner of defendant TKN Sales, an independent sales agency representing manufacturers of apparel, including plaintiffs, accepted an offer of employment to become vice-president of national sales for plaintiff GTFM. The following month, after a dispute arose with respect to commissions Nagy claimed GTFM owed him as a result of his work as an independent sales representative, Nagy informed GTFM that he would not be assuming the position with GTFM.[1] Thereafter, on or about August 24, 1999, TKN filed a demand for arbitration against GTFM in Minnesota, claiming wrongful termination of the independent sales representative agreement and failure to pay earned commissions in violation of the Minnesota Sales Representative Act (Minn Stat §§ 181.145, 325E.37).

Subsequently, on or about January 12, 2000, GTFM commenced an action against TKN in the United States District Court for the Southern District of New York, seeking a declaratory judgment that arbitration under the Minnesota statute violated GTFM's constitutional right to a jury trial and an injunction staying the arbitration. The District Court declared that the Minnesota Sales Representative Act violated GTFM's right to a trial by jury and permanently enjoined the arbitra-

1. After Nagy's relationship with GTFM ended, he accepted a position with the other defendants, collectively referred to as the Sean John Companies, competitors of GTFM and LCN Apparel.

tion. TKN appealed and, during the pendency of the appeal, commenced a plenary action against GTFM and LCN in the Southern District seeking essentially the same relief sought in the arbitration and, in addition, asserting a claim for unpaid commissions under Labor Law § 191-c.[2] On TKN's appeal in the declaratory judgment action, the Second Circuit reversed and remanded the matter for entry of judgment dismissing the complaint (*GTFM, LLC v TKN Sales, Inc.*, 257 F3d 235 [2001]). Thereafter, in a decision dated December 17, 2001, the District Court dismissed TKN's plenary action without prejudice and directed the parties to arbitration.

TKN reinitiated the arbitration in January 24, 2002, this time asserting claims against both GTFM and LCN. On or about June 14, 2002, the parties entered into a confidential settlement agreement resolving the dispute. GTFM and LCN commenced this action against Nagy, TKN and the Sean John Companies (the companies) about one month later. Insofar as relevant, the amended complaint alleges causes of action against Nagy and TKN for misappropriation of trade secrets, unfair competition, tortious interference with plaintiffs' business relations and conversion, and claims against Nagy for fraud and breach of fiduciary obligations. Specifically, the complaint alleged that after Nagy had accepted GTFM's offer of employment, GTFM's president gave Nagy access to all of GTFM's and LCN's confidential and proprietary information and that Nagy, assisted by the companies, misappropriated the information and used it to solicit plaintiffs' customers to do business with the companies.

In December 2002, Nagy and TKN moved for summary judgment. The court granted summary judgment with respect to TKN and dismissed all claims against it, concluding that plaintiffs were required by rule 13 (a)[3] of the Federal Rules of Civil Procedure to assert their claims against TKN as counterclaims in the federal court action commenced by TKN, but failed to do so. The court denied dismissal as to Nagy, who was not a party to the plenary action, holding that plaintiffs were not required to join him on those counterclaims. The court further held that the dismissal of the plenary action was deemed to be on the merits and thus gave it res judicata effect. Plaintiffs did not appeal from the dismissal of the claims against TKN. On

---

**2.** *TKN Sales v GTFM and LCN Apparel*, 00 Civ 3062.

**3.** Rule 13 (a) provides, in pertinent part: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Nagy's motion for reargument, the court dismissed all claims against Nagy, accepting Nagy's argument that as the president and owner of TKN, he was in privity with TKN and that res judicata therefore applied to him as well. Since the doctrine of res judicata does not bar plaintiffs' claims against Nagy, we reverse and reinstate the complaint as against him.

The Supreme Court's grant of summary judgment dismissing the action against TKN turned on the erroneous conclusion that the plenary action was dismissed on the merits (*see McLearn v Cowen & Co.,* 48 NY2d 696, 698 [1979]).[4] The federal court order dismissing the plenary action and compelling arbitration specifically stated that the dismissal was without prejudice, i.e., not on the merits (*High v AMR Servs. Corp.,* 1995 WL 362419, 1995 US Dist LEXIS 22324 [ED NY 1995]). Therefore, it has no res judicata effect (*see St. Pierre v Dyer,* 208 F3d 394, 400 [2d Cir 2000]; *see Whitfield v JWP/Forest Elec. Corp.,* 223 AD2d 423 [1996]).

Contrary to defendants' contention, plaintiffs' claims in this action are not barred because of their failure to allege these claims in the federal declaratory judgment action, which was dismissed on the merits. While "a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 347 [1999]), "[a] subsequent action will not be barred by res judicata where the nature or object of the second action is distinct from that in the prior action in which the judgment was rendered" (*Purcell v Regan,* 126 AD2d 849, 851 [1987], *lv denied* 69 NY2d 613 [1987]). The sole issue in GTFM's declaratory judgment action was the constitutionality of the Minnesota statute under which TKN sought arbitration of its claims against GTFM for unpaid commissions, a claim clearly unrelated to the causes of action in this case, which are based, inter alia, on defendants' alleged misappropriation of trade secrets and confidential information, and breach of fiduciary duty. Concur—Buckley, P.J., Sullivan, Nardelli, Williams and Sweeny, JJ.

---

4. There is no merit to defendants' argument that this Court lacks jurisdiction to revisit the propriety of the dismissal against TKN since plaintiffs did not appeal therefrom. While the rule that precludes the grant of affirmative relief to a nonappealing party (*see Hecht v City of New York,* 60 NY2d 57, 61-62 [1983]) prohibits us from reviewing that order to reinstate the action as against TKN, it does not bar us from examining the reasoning on which that dismissal was based for the purpose of determining whether the action against Nagy should be dismissed.