■ ROBIN APPEL, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [799 NYS2d 467]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered September 29, 2004, which granted Allstate's mo-

tion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings.

In this action pursuant to Insurance Law § 3420 (b) to collect on a default judgment entered in an underlying June 2000 dog bite case in favor of plaintiff and against Allstate's insureds, it is undisputed that Allstate's insureds were served with process on August 1, 2000, but never responded to the complaint and never notified Allstate until after the default judgment for $101,069 was entered against them on April 24, 2001. Thereafter, by letter dated May 21, 2002 to its insureds with a copy to plaintiff's attorney in the underlying action, Allstate disclaimed coverage "to [the insureds] and anyone else seeking coverage under the policy for you" based on the insureds' failure to give prompt notice and referencing the underlying action. Just over a week later, on May 29, 2002, plaintiff's attorney served a copy of the default judgment with notice of entry on Allstate, and then commenced this action to collect on such judgment.

Allstate sought summary judgment dismissing the complaint on the ground that it had previously obtained a default judgment against its insureds declaring that it had no duty to defend or indemnify them due to their failure to give timely notice of plaintiff's claim. As a result, Allstate argued, it does not have a duty to indemnify plaintiff.

In granting Allstate's motion, the IAS court held that because Allstate is not liable to its insureds, it cannot be liable to plaintiff; that its disclaimer letter did not have to be addressed to plaintiff or explicitly name her, and was otherwise sufficient; and that it did not have to disclaim specifically based upon plaintiff's own failure to timely notify it since notice, albeit untimely, had already been given to it by its insureds (citing *Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460, 462 [2002] and *Massachusetts Bay Ins. Co. v Flood*, 128 AD2d 683, 684 [1987], *lv denied* 70 NY2d 612 [1987]).

Where the insured fails to give proper notice, the injured party can give notice herself, thereby preserving her right to proceed directly against the insurer. "Having been statutorily granted an independent right to give notice and recover directly from the insurer, the injured party or other claimant is not to be charged vicariously with the insured's delay (*Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564 [1957], *affd* 4 NY2d 1028)" (*Aetna Cas. & Sur. Co. v National Union Fire Ins. Co.*, 251 AD2d 216, 220 [1998]). In determining the reasonableness of an injured party's notice, the notice required is measured less rigidly than that required of the insureds (*see Mount Vernon*

*Fire Ins. Co. v NIBA Constr.*, 195 AD2d 425, 427 [1993] [Sullivan, J.P., concurring]). "The sufficiency of notice by an injured party is governed not by mere passage of time but by the means available for such notice" (*National Grange Mut. Ins. Co. v Diaz*, 111 AD2d 700, 701 [1985]; *see also Jenkins v Burgos*, 99 AD2d 217, 221 [1984]).

Unlike in this case, in both *Ringel* and *Massachusetts Bay*, the Court found as a matter of law that the notices given by the injured parties were untimely as a matter of law "because [they] did not exercise due diligence in ascertaining the identity of [the] insurance company or in notifying [it] of the accident" (*Ringel*, 293 AD2d at 461-462), or "failed to make reasonable efforts under the circumstances to timely bring the accident to the attention of the carrier" (*Massachusetts Bay*, 128 AD2d at 684). "Where, as here, the insurer does not dispute receiving notice from its insured, 'the only issue with respect to the injured party [is] whether the efforts of the injured party to facilitate the providing of proper notice were sufficient in light of the opportunities to do so afforded it under the circumstances' " (*Rochester v Quincy Mut. Fire Ins. Co.*, 10 AD3d 417, 418 [2004], quoting *Massachusetts Bay* at 684).

Thus, given the affirmation of the attorney for plaintiff in the underlying dog bite action that the first time he became aware that Allstate was the insurance carrier for the defendants in that action was approximately two days before Allstate sent him its disclaimer letter of May 21, 2002, there is, at the very least, an issue of fact as to whether plaintiff acted diligently in ascertaining Allstate's identity as the insurer and in notifying it of the accident (*see Denneny v Lizzie's Buggies*, 306 AD2d 89 [2003]). Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.