■ BARBARA J. CIRONE et al., Respondents, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant. [835 NYS2d 111]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered December 27, 2006, which, in an action to recover insurance proceeds pursuant to Insurance Law § 3420 (a) (2), denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion to the extent of granting partial summary judgment as to liability, unanimously affirmed, with costs.

Plaintiffs were injured when, while walking on the street, they were struck by an underage bicyclist making a delivery for defendant's insured. Plaintiffs' counsel and an investigator made an unsuccessful attempt to identify the insurer of the bicyclist's alleged employer, and then brought a tort action against defendant's insured and its principal, who gave defendant insurer notice of the occurrence. Defendant admittedly assigned an employee to the matter and, in the course of working on the file, that employee admittedly contacted plaintiffs' counsel, who provided certain information. Defendant disclaimed on the ground that its insured had not fulfilled its contractual duty to give notice of the occurrence as soon as

practicable, but, under a stipulation, did file an answer on the insured's behalf in the tort action. Under the particular circumstances of this case, where the efforts of the injured parties making a claim under Insurance Law § 3420 to facilitate proper notice "were sufficient in light of the opportunities to do so afforded [them] under the circumstances" (*see Appel v Allstate Ins. Co.*, 20 AD3d 367, 369 [2005] [internal quotation marks and citations omitted]), the motion court properly found that plaintiffs' action is not barred by the circumstance that they did not give defendant insurer separate, formal, written notice of the occurrence in a communication initiated by them, in addition to the notice defendant received from its insured and the information it received from plaintiffs' counsel. For this reason, we need not and do not reach plaintiffs' argument that the disclaimer letter was ineffective as against them. In addition, in light of defendant's failure to argue specifically before the motion court that there was only one occurrence within the meaning of the policy, we do not reach that point. Concur—Mazzarelli, J.P., Sullivan, McGuire and Kavanagh, JJ.