■ Lydia Cicero et al., Respondents, v Great American Insurance Company et al., Appellants. [863 NYS2d 395]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered January 11, 2008, which, in an action pursuant to Insurance Law § 3420 against an excess insurer and its affiliates (collectively Great American), denied Great American's motion for leave to amend the answer to include an affirmative defense of res judicata and, upon amendment, for summary judgment dismissing the complaint on that ground, unanimously affirmed, without costs.

Great American disclaimed coverage in the underlying action for personal injuries, brought by plaintiffs herein, because it did not receive timely notice of the accident from its insured, the defendant in the underlying action (Western Beef). Western Beef then commenced a declaratory judgment action against, among others, Great American and the broker who sold it the excess insurance as to the rights and obligations of the parties under the excess insurance policy (*Western Beef, Inc. v J & H Marsh & McLennan, Inc., et al.*, Sup Ct, Queens County, index No. 9365/04). Plaintiffs settled the underlying action and, as part of the settlement, Western Beef assigned to plaintiffs its rights against Great American and the other defendants in the declaratory judgment action. Plaintiffs then took over the prosecution of the declaratory judgment action and also commenced this direct action against Great American to recover the portion of the settlement exceeding the primary policy limit. A motion for summary judgment in the declaratory judgment action resulted in a declaration that Great American was under no obligation to satisfy the judgment against Western Beef in the underlying action, the court holding that timely notice by Western Beef to its insurance broker did not constitute timely notice to Great American because the evidence failed to show that the broker was Great American's agent as well as Western Beef's.

We reject Great American's argument that the instant action is precluded by this declaration. The assignment to plaintiffs of Western Beef's rights under its policy with Great American did not diminish their statutory right to pursue a direct action against the insurer, which is independent of the insurance contract (see *Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 567 [1957], *affd* 4 NY2d 1028 [1958] [noting the absence of privity]). The determinative issue in the declaratory judgment action was whether notice of plaintiffs' claims in the underlying action given by Western Beef to its broker could be imputed to Great American; here, no contract, agency or insurance coverage issues are involved. Rather, this is a statutory action to collect an unpaid settlement in which the only defense available to Great American is that plaintiffs did not satisfy their statutory obligation to provide notice as soon as reasonably possible "in light of the opportunities to do so afforded [them] under the circumstances" (*Appel v Allstate Ins. Co.*, 20 AD3d 367, 369 [2005] [internal quotation marks and citations omitted]). "While a valid final judgment bars future actions between the same parties on the same cause of action, [a] subsequent action will not be barred by res judicata where the nature or object of the second action is distinct from that in the prior action in which the judgment was rendered" (*GTFM, LLC v Nagy*, 18 AD3d 266, 268 [2005] [internal quotation marks and citations omitted]). Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.