■ DENNIS M. DODGE, JR., Individually and as President of JCM VENDING, INC., et al., Respondents, v WILLIAM LYNCH, Individually and as President of BILLY D's VENDING, INC., et al., Appellants. [865 NYS2d 60]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered May 28, 2008, after a nonjury trial, awarding plaintiff JCM Vending, Inc. the principal sum of $60,016 in an action for fraud and misrepresentation, unanimously affirmed, with costs.

Plaintiff JCM Vending, Inc. entered into a contract with defendant Billy D's Vending, Inc., dated April 2, 2007, to purchase said defendant's vending machine route—consisting of 31 machines located at the law firm of Simpson Thacher & Bartlett (STB) and 21 additional machines located in various buildings in Manhattan—and a Ford van for the sum of $117,500. Pursuant to the terms of the contract, JCM paid $55,000 at closing and agreed to pay the balance in monthly installments, in accordance with the terms of a promissory note executed simultaneously with the contract. At the same time, JCM and plaintiff Dennis M. Dodge, Jr., its president, also executed an affidavit of confession of judgment for the full amount due on the promissory note.

In June, 2007, plaintiffs learned that STB was terminating its account and, on or about September 11, commenced this action based on fraudulent inducement, alleging that defendants, Billy D's Vending and its president, William Lynch, knew that STB was dissatisfied with defendants' services and fraudulently failed to disclose that information to plaintiffs. Meanwhile, on September 10, defendant Billy D's obtained a judgment by confession in Supreme Court, Richmond County.

There is no merit to defendants' contention that this action is barred by the judgment by confession, since the nature or object of this action is different from that in the action in which the confession of judgment was rendered (*see Cicero v Great Am. Ins. Co.*, 53 AD3d 461 [2008]; *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307 [1929]).

Defendants' claim that J.H.O. Gammerman lacked jurisdiction to try the case because he did not obtain the requisite consent of the parties (*see* CPLR 4317 [a]) is similarly without merit in view of defendants' acquiescence to J.H.O. Gammerman's assertion of authority and willing participation in the proceedings (*see Law Offs. of Sanford A. Rubenstein v Shapiro Baines & Saasto*, 269 AD2d 224, 225 [2000], *lv denied* 95 NY2d 757 [2000]).

Finally, there was sufficient evidence that defendants knew that there was a problem with the STB account and concealed this knowledge from plaintiffs, and defendants had a duty to disclose this knowledge to plaintiffs (*see Jana L. v West 129th St. Realty Corp.*, 22 AD3d 274, 277 [2005]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Lippman, P.J., Gonzalez, Nardelli, Acosta and DeGrasse, JJ.