■ LOUIS ROMEO, Plaintiff, v ROBERT MALTA et al., Defendants. ROBERT MALTA, Third-Party Plaintiff, and CHELSEA TOMATO, INC., Doing Business as INTERMEZZO RESTAURANT, Third-Party Plaintiff-Appellant, v THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, Third-Party Defendant-Respondent. (And Other Third-Party Actions.) [865 NYS2d 201]—Judgment, Supreme Court, New York County (Debra A. James, J.), entered July 10, 2007, dismissing the third-party action seeking a judgment declaring that third-party defendant Travelers Indemnity Company of Connecticut is obligated to defend and indemnify its insured, defendant/third-party plaintiff Chelsea Tomato, Inc., in the underlying personal injury action, unanimously affirmed, without costs.

The record establishes that employees of Chelsea Tomato knew about the accident on the day it happened, as plaintiff in the underlying action fell while descending a staircase in the restaurant and was removed from the scene via ambulance. However, Chelsea Tomato did not notify Travelers until some nine months later. This is as a matter of law an unreasonable delay, which is not excused by Chelsea Tomato's professed belief that the accident was plaintiff's fault and would result in no liability to itself (*see Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305, 307-308 [2008]). Concur—Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ. [*See* 2007 NY Slip Op 31984(U).]