Notwithstanding the fact that the insured may have mistakenly believed, based on the lease of its commercial tenant, that it was not responsible for the area where the plaintiff in the underlying action fell, the insured had a duty to report the possibility of a claim as soon as practicable (see Paramount Ins. Co. v Rosedale Gardens, 293 AD2d 235, 239-240 [1st Dept 2002]).
Moreover, it is undisputed that the insured did not undertake any investigation of the incident, or make inquiry regarding its alleged belief that it was not responsible for the area where the accident occurred. Thus, it could not have formed a reasonable belief of non-liability (see Great Canal Realty Corp. v Seneca *429 Ins. Co., Inc., 5 NY3d 742, 743-744 [2005]; Tower Ins. Co. of N.Y. v Jaison John Realty Corp., 60 AD3d 418, 418-419 [1st Dept 2009]).
A party may not seek to avoid the consequences of its failure to give notice within a reasonable period of time by asserting that it had a reasonable, good faith belief that the accident would not result in liability where, as here, the insured’s principals were aware of the accident, it involved a tenant who slipped and fell on the insured’s premises and the tenant had to be transported by ambulance (see Tower Ins. Co. of N.Y. v Lin Hsin Long Co., 50 AD3d 305, 307-308 [1st Dept 2008]).
Similarly, because the injured party failed to give any notice to plaintiff, she must rely on the sufficiency of the notice provided by the insured which, as discussed above, was untimely (Lin Hsin Long, 50 AD3d at 308-309).
We have considered the parties’ remaining arguments and find them unavailing. Concur — Gonzalez, EJ., Saxe, DeGrasse, Freedman and Román, JJ.