Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered February 7, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff Tower National Insurance Company’s motion for summary judgment against defendants Jacob Alan Corp. (JAC) and Migdalia Perez-Ruiz for a declaration that it had no duty to defend or indemnify JAC in the underlying personal injury action, unanimously reversed, on the law, without costs, the motion granted, and it is declared that Tower had no duty to defend or indemnify JAC in said underlying action.
Supreme Court improperly denied Tower’s motion for summary judgment as against JAC, the “additional insured” under the subject policy, and Perez-Ruiz, the injured party, seeking a declaratory judgment that it had no duty to provide defense and indemnity coverage in the underlying personal injury action. Tower established that JAC’s notice, made 20 months after the accident, constituted noncompliance with the condition precedent to coverage and vitiated the contract of insurance (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005]). Perez-Ruiz’s opposition to the motion failed to raise a triable issue regarding whether it was reasonably feasible for her to provide notice to Tower, since she failed to identify any “efforts” she undertook to facilitate proper notice (see Cirone v Tower Ins. Co. of N.Y., 39 AD3d 435 [1st Dept 2007], lv denied 9 NY3d 808 [2007]), or “the means available for such notice” (Appel v Allstate Ins. Co., 20 AD3d 367, 369 [1st Dept 2005]). Concur — Mazzarelli, J.P, Friedman, Renwick, DeGrasse and Gische, JJ.