Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about July 19, 2016, which granted defendant Illinois Union Insurance Company’s motion for summary judgment dismissing the complaint as against it and denied plaintiff’s cross motion for summary judgment declaring that Illinois is obligated to defend and indemnify defendant NY A to Z Construction Group Inc. in the underlying personal injury action, unanimously modified, on the law, to declare that Illinois is not obligated to defend and indemnify NY A to Z in the underlying personal injury action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
 

 The motion court correctly determined that NY A to Z failed to give Illinois, its primary insurer, timely notice of the accident giving rise to the claim, thereby vitiating Illinois’s obligation to provide coverage (see e.g. Paramount Ins. Co. v Rosedale Gardens, 293 AD2d 235 [1st Dept 2002]). NY A to Z’s proffered reason for the delay in notification is unavailing (see Tower Ins. Co. of N.Y. v Lin Hsin Long Co., 50 AD3d 305, 307 [1st Dept 2008]). However, rather than dismissing the complaint as against Illinois, the court should have declared in Illinois’s favor (Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
 

 Concur — Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.